24-2507-cr
*United States v. Mizrahi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                     24-2507-cr

MARTIN MIZRAHI, AKA MARTY MIZRAHI,

> *Defendant-Appellant,*

JOEL ZUBAID, DAVID GORAN, JULIAN REBIGA, AKA IULIAN REBIGA,

*Defendants.*[*]

FOR DEFENDANT-APPELLANT:               CHRISTOPHER D. MAN, Winston & Strawn LLP, Washington, D.C.

FOR APPELLEE:                             BENJAMIN D. KLEIN (Emily Deininger and Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a September 11, 2024 judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Martin Mizrahi ("Mizrahi") and his codefendants, Joel Zubaid ("Zubaid"), David Goran ("Goran"), and Julian Rebiga ("Rebiga"), participated in a conspiracy to defraud banks, credit card companies, and other entities and launder money obtained from those schemes, as well as drug-trafficking proceeds. One of the fraud schemes Mizrahi was convicted of involved the unauthorized access and use of the email account of the chief financial officer of Brownsville Community Development

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Corporation, a nonprofit organization, to wire millions of dollars of that organization's funds to bank accounts controlled by, among others, Zubaid and Goran. Zubaid and Goran obtained $1.57 million from this fraud and provided approximately $690,000 to Mizrahi to launder using cryptocurrency. As a part of their scheme to launder narcotics-trafficking proceeds, Zubaid and Goran regularly picked up hundreds of thousands of dollars from sources linked to a Mexican drug cartel. Zubaid and Goran then delivered this cash in bulk to Mizrahi, who wired that money through his wholly owned company, LV.Net LLC, converted it to Bitcoin, and remitted it to cryptocurrency wallets provided to him by Zubaid. In exchange, Mizrahi received a commission.

Mizrahi, Zubaid, Goran, and Rebiga were charged for their respective roles in the conspiracy and underlying fraud schemes. The superseding indictment included a forfeiture allegation that sought to forfeit all property that constituted or was derived from proceeds traceable to the commission of the offenses. Zubaid and Goran pleaded guilty and testified against Mizrahi. After an eleven-day trial, a jury found Mizrahi guilty of conspiracy to commit wire fraud and bank fraud, wire fraud, bank fraud, conspiracy to commit money laundering, money laundering, aggravated identity theft, and conspiracy to operate an unlicensed money transmitting business.

On September 10, 2024, after finding an applicable guideline range of 212 to 259 months, the district court sentenced Mizrahi to a term of imprisonment of 60 months and

3

imposed a $50,000 fine. The district court also ordered the forfeiture of $4,545,704,[1] finding by a preponderance of the evidence that Mizrahi laundered $3,855,704 in narcotics-trafficking proceeds and $690,000 in wire-fraud proceeds. On appeal, Mizrahi urges us to vacate the district court's sentence, forfeiture order, and fine, arguing that (1) the facts relating to forfeiture must be proven to a jury beyond a reasonable doubt, rather than determined by the court; (2) the jury did not specifically convict him of laundering the proceeds of narcotics trafficking; (3) he did not knowingly launder narcotics-trafficking proceeds; and (4) the forfeiture order and fine violate the Eighth Amendment's Excessive Fines Clause. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

When a forfeiture order is challenged on appeal, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011).

As Mizrahi concedes, the law in this Circuit is clear that the factual predicate for and the amount of proceeds subject to criminal forfeiture need not be submitted to a jury and proven beyond a reasonable doubt. *See Libretti v. United States*, 516 U.S. 29, 49 (1995);

---

[1] This amount included the specific forfeiture of $690,000 in a bank account in the name of LV.Net and $81,284.03 in an IOLTA trust account.

*United States v. Fruchter*, 411 F.3d 377, 380–82 (2d Cir. 2005); *United States v. Stevenson*, 834 F.3d 80, 86 (2d Cir. 2016); *see also United States v. Pastore*, No. 18-2482, 2022 WL 2068434, at *5 (2d Cir. June 8, 2022) (summary order); *United States v. McIntosh*, No. 14-1908, 2023 WL 382945, at *3 (2d Cir. Jan. 25, 2023) (summary order). Because criminal forfeiture does not implicate the Fifth and Sixth Amendments, a district court is only required to determine, by a preponderance of the evidence, *see United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007) (Sotomayor, *J.*), whether property subject to forfeiture bears the "requisite nexus" to the offense of conviction, Fed. R. Crim. P. 32.2(b)(1)(A). If a district court finds that the property at issue bears the "requisite nexus" to the offense of conviction, the operative statute requires that the district court "shall order" the forfeiture of "any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). Because a specific jury finding is not required, we also reject Mizrahi's claim of error based on the jury instruction given in this case that the predicate offense for his money laundering conviction could be either bank fraud, wire fraud, or drug trafficking.

The forfeiture order at issue here bears the requisite nexus to the underlying money-laundering scheme. Although Mizrahi disputes that he knowingly laundered drug-trafficking proceeds, the record establishes an adequate factual basis to support the district court's forfeiture order. Zubaid and Goran testified that Zubaid told Mizrahi that he was laundering drug-trafficking proceeds on behalf of the cartel. Pictures of large

5

stacks of cash were taken in Mizrahi's residence. The government introduced screenshots of communications between Zubaid and a member of the cartel that Zubaid forwarded to Mizrahi. And when an associate of Mizrahi's stole some of the narcotics-trafficking proceeds Mizrahi was to launder, Zubaid told Mizrahi that the individuals on behalf of whom they were laundering money "wanted to come to you[r] home or your office. I protected you Marty[.]" App'x at 1929. Mizrahi then successfully recovered the stolen money. Notwithstanding Mizrahi's testimony that he "tend[s] not to do anything illegal in [his] business or in [his] personal life," App'x at 1947, the jury and the district court credited the government's witnesses and corroborating evidence to the contrary. *See United States v. Weissman*, 195 F.3d 96, 99 (2d Cir. 1999) (providing that credibility determinations are entitled to "great deference" (quoting *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 634 (2d Cir. 1996))). Thus, the district court did not err in finding that Mizrahi knowingly laundered drug-trafficking proceeds.[2]

Finally, Mizrahi's claim that the forfeiture and fine amounts violate the Eighth Amendment's Excessive Fines Clause is unpersuasive. We review a forfeiture order's "excessiveness *de novo*, bound by the district court's factual findings unless clearly erroneous." *von Hofe v. United States*, 492 F.3d 175, 181 (2d Cir. 2007). "A forfeiture is unconstitutionally excessive 'if it is grossly disproportional to the gravity of a defendant's

---

[2] To the extent that Mizrahi challenges sentencing enhancements related to the district court's factual findings, that challenge fails for the reasons stated above.

6

offense.'" *United States v. Viloski*, 814 F.3d 104, 110 (2d Cir. 2016) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). To assess gross disproportionality, *Bajakajian* requires us to consider four factors:

> (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*Id.* (quoting *United States v. George*, 779 F.3d 113, 122 (2d Cir. 2015)).

Given the nature of the criminal activity and harm caused by Mizrahi's conduct, the district court's forfeiture order and fine are not unconstitutionally excessive. During the conspiracy, Mizrahi laundered millions of dollars and engaged in multiple schemes involving wire and bank fraud. *See id.* at 113 (forfeiture order supported by lengthy conspiracy involving repeated instances of money laundering and related mail and wire fraud). By seeking "to conceal or disguise the nature of the proceeds of the fraud," Mizrahi is among the class of persons for whom the money-laundering statute was principally designed. *Id.* at 114. Mizrahi was ordered to forfeit an amount well below the over $9,000,000 statutory maximum. *See* 18 U.S.C § 1956(a)(1) (providing that an individual convicted of money laundering can be ordered to forfeit up to "twice the value of the property involved in the transaction"). The final factor also weighs in favor of the

forfeiture amount because Mizrahi's conversion of cash drug-trafficking proceeds to Bitcoin facilitated the concealment of "the sources of these funds . . . from police investigation." *See United States v. Napoli*, 179 F.3d 1, 8 (2d Cir. 1999). As such, the forfeiture order and fine imposed by the district court do not violate the Eighth Amendment.

*   *   *

We have considered Mizrahi's remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court